UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  1:21cv23575

RAMPART AVIATION, LLC

    Petitioner,

v.

HUMES McCOY AVIATION, INC. AND
THAY HUMES,

    Respondents.
_____/

# PETITION TO CONFIRM ARBITRATION AWARD
# AND ENTER FINAL JUDGMENT

Petitioner, Rampart Aviation, LLC ("Rampart"), through undersigned counsel POLSINELLI PC, petitions the Court to confirm a Simple Arbitration Award and enter Judgment against Respondents for Rampart's damages, attorney fees, and interest. As grounds, Rampart states:

### The Parties

1.    This action is filed under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA") to confirm the Simple Award issued by Arbitrator Thomas G. Schultz of the American Arbitration Association.

2.    Petitioner Rampart is a Wyoming limited liability company with a principal place of business at 1777 Aviation Way, Colorado Springs, Colorado 80916.  The sole member of Rampart is Tony Porterfield, an individual and resident of Colorado.

3.    Respondent Thay Humes is an individual and, upon information and belief, a resident of Florida.

78299227.4

4. Respondent Humes McCoy Aviation, Inc. is a Florida corporation with a principal place of business at 3841 SW 147th Ave. #102, Miami, Florida 33185. The Florida Secretary of State lists the Registered Agent for Humes McCoy Aviation, Inc. as American Saferty [sic] Council, Inc.; 225 E. Robinson Street, Suite 570; Orlando, FL 32801.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this Petition under 28 U.S.C. § 1332(a)(1) because the claimed damages, exclusive of interest and costs, exceed $75,000 and the parties are citizens of different states.

6. The Court has personal jurisdiction over Respondents under 9 U.S.C. § 9 because notice of this action has been or will be served upon them.

7. Venue is proper in this Court under 28 U.S.C. 1391(b)(1) because the Respondents reside in the State of Florida and under 9 U.S.C. § 9 because the parties' contract states: "[t]he seat of the arbitration shall be Miami, Florida." (See ¶¶ 9-10 below.)

## The Arbitration and Simple Award

8. Attached to this Petition and incorporated herein is the Declaration of Leane K. Capps, which attaches (1) the Service Agreement containing the agreement to arbitrate and (2) the Simple Award of the Arbitrator dated February 25, 2021. **Exhibit 1, Decl. of L. Capps**.

9. On or about May 23, 2018, the parties entered a Service Agreement (the "Agreement").

10. The Agreement contains an arbitration provision at paragraph 16 that requires any dispute or claim relating to the Agreement to be finally settled by arbitration. **Exhibit 1-A, Agreement.**

11. Pursuant to the Agreement, the parties proceeded to arbitration, with a Final Hearing held on August 6-7, 2020. **Exhibit 1-B, Simple Award, at ¶ 3.**

12. A separate Hearing on Attorney's Fees was held on January 22, 2021. *Id.*

13. On February 25, 2021, Arbitrator Thomas G. Schultz entered a Simple Award, as requested by the parties. *Id.* **at ¶ 1.**

14. Under the Simple Award, the Arbitrator awarded Respondents damages, attorney fees, costs, and interest as follows:

| | |
|---|---:|
| Breach of contract damages: | $181,784.34 |
| Pre-judgment interest (simple, 7% per annum): | $25,937.89 |
| Petitioner's Attorney Fees: | $160,000.00 |
| Administrative Filing Fees of the AAA: | $6,250.00 |
| Arbitrator's incurred compensation: | $10,860.00 |
| **Subtotal:** | $384,832.23 |

*Id.* **at ¶¶ 4, 9, & 11.**

15. In addition to the foregoing, the Simple Award awarded Petitioner post-judgment interest from the date of the Simple Award, i.e. February 25, 2021, at a rate equal to the prime rate plus 3% simple interest. *Id.* **at ¶ 5.**

16. The prime rate on February 25, 2021 was 3.25%, so the rate of post-judgment interest rate is 6.25%. *Id.* **at ¶ 5.** As of the date of filing of this Petition, the amount of post-judgment interest was $24,052.01 for a **total award of $408,884.24** ($384,832.23 x 1.0625 = $408,884.24).

17. The Simple Award also states: "Claimant has presented more than sufficient evidence and applicable law to support its pleaded claim piercing the corporate veil and holding Thay Humes individually and jointly liable. *Id.* **at ¶ 8.**

**Petition for Confirmation and Entry of Judgment**

18.     Section 9 of the FAA provides that upon application of any party to the arbitration, the court *must* enter an order confirming the award, unless it is vacated, modified, or corrected in accordance with sections 10 or 11. 9 U.S.C. § 9.

19.     There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible. *Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1321 (11th Cir. 2010) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."); *see also Cullen v. Paine, Webber*, 863 F.3d 851, 854 (11th Cir. 1989) ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary.").

20.     The Simple Award is not subject to any of the prescribed exceptions, so confirmation of the Simple Award is appropriate.

21.     This Petition is timely under the FAA because it is filed within one year after the Simple Award was made.

22.     Under the FAA, Petitioner is entitled to final judgment in accordance with the Simple Award.

23.     Petitioner respectfully requests the Court enter final judgment in its favor for:

   a. $408,884.24 against Respondents Thay Humes and Humes McCoy Aviation, Inc. jointly and severally;

   b. Attorney fees and costs for the present action provided by contract or applicable law;

   c. Any additional interest provided by contract or applicable law; and

   d. Any further relief this Court deems just and appropriate.

WHEREFORE, Rampart respectfully requests that this Court enter an Order confirming the Simple Award and direct the clerk of this Court to enter Final Judgment in favor of Petitioner

and against Respondents in accordance with the Simple Award, and for any further relief this Court deems just and appropriate.

Dated: October 12, 2021                    Respectfully submitted,

*s/ Ghislaine G. Torres Bruner*_____
Ghislaine G. Torres Bruner, #546321
Email: gbruner@polsinelli.com
POLSINELLI PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
Phone: (303) 572-9300
Fax: (303) 572-7883
***Attorneys for Petitioner Rampart Aviation, LLC***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12, 2021, a true and correct copy of the foregoing has been electronically filed using the CM/ECF electronic filing system and served on Respondents as follows:

**Humes McCoy Aviation, Inc. (by Certified Mail)**
Via its registered agent:

American Safety Council, Inc.
225 E. Robinson Street, Suite 570
Orlando, FL 32801

And the address registered with the
Florida Secretary of State:

Humes McCoy Aviation, Inc.
3841 SW 147th Ave., #102
Miami, FL 33185

**Thay Humes (as specified below)**
By process server at:

Humes McCoy Aviation, Inc.
3841 SW 147th Ave., #102
Miami, FL 33185

And by Electronic Mail to:

tjhumes@humesmccoyaviation.com


*s/ Karen Porter*
Legal Administrative Assistant

6